**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 30 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

KEVIN MELVIN WEEKS, GDC 967825,

      -vs-

**1:18-CV-1373**

ROBERT C. GRADY, DEPUTY SHERIFF-SERGEANT,

MARYAM MUHAMMAD, DEPUTY SHERIFF-SERGEANT,

THEODORE JACKSON, SHERIFF, and

MARK ADGER, CHIEF JAILER

**I.**    **Previous Lawsuits**

    **A.**    Have you filed other lawsuits in federal court while incarcerated in any institution?

          Yes ( X )     No ( )

    **B.**    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.    Parties to this previous lawsuit:

            Plaintiff(s):  Kevin Melvin Weeks
            Defendant(s):  Brown

        2.    Court (name the district):  Northern District, Georgia

        3.    Docket Number:  1:03-CV-682-CAM

        4.    Name of judge to whom case was assigned: Honorable Charles A. Moye, Jr.

## I.     Previous Lawsuits (Cont'd)

5.     Did the previous case involve the same facts?

Yes (  )      No ( x )

6.     Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):
Granting Defendant's motion to dismiss, or in the alternative, for summary
judgement.

7.     Approximate date of filing lawsuit:   2003

8.     Approximate date of disposition:      July 7, 2004

## *SECOND CIVIL ACTION*

## I.     Previous Lawsuits

A.     Have you filed other lawsuits in federal court while incarcerated in any institution?

Yes ( X )      No ( )

B.     If your answer to A is yes, describe each lawsuit in the space below. (If there is more
than one lawsuit, describe the additional lawsuits on another piece of paper, using the
same outline.)

1.  Parties to this previous lawsuit:

Plaintiff(s):  Kevin Melvin Weeks

Defendant(s):  Robert C. Grady, Maryam Muhammad, Theodore Jackson and Mark Adger

2.  Court (name the district):  Northern District, Georgia

3.  Docket Number:       1:18-CV-52-MHC

4.  Name of judge to whom case was assigned: Honorable Mark H. Cohen

5.  Did the previous case involve the same facts?

Yes ( x  )            No (  )

## I.      Previous Lawsuits

6.  Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):
    Dismissed without prejudice for misrepresentation of litigation history

7.  Approximate date of filing lawsuit:      December 15, 2017

8.  Approximate date of disposition:      February 13, 2018

## II.     Exhaustion of Administrative Remedies

Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted.  Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

A.    Place of Present Confinement:      Calhoun State Prison

B.    Is there a prisoner grievance procedure in this institution?

        Yes ( X )      No (  )

C.    Did you present the facts relating to your complaint under the institution's grievance procedure?

        Yes (  )      No ( X )

D.    If your answer is YES:
        1.    What steps did you take and what were the results?

        _____
        _____
        _____
        _____
        _____

        2.    If your answer is NO, explain why not:      The incident took place at Fulton County Jail in Atlanta, Georgia where Kevin Melvin Weeks did file a grievance.

## III.   **Parties**

(In item A below, place your name in the first blank and place your present address in the second blank.)

A.      Name of Plaintiff:  Kevin Melvin Weeks

       Address(es):   Calhoun State Prison; P.O. Box 249; 27823 Main Street;
                    Morgan, Georgia 39866.

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B.      Defendant(s): Robert C. Grady

       Employed as Fulton County Deputy Sheriff-Sergeant

       at Fulton County Jail: 901 Rice Street; Atlanta, Georgia 30318

C.      Defendant(s): Maryam Muhammad

       Employed as Fulton County Deputy Sheriff-Sergeant

       at Fulton County Jail: 901 Rice Street; Atlanta, Georgia 30318

D.      Defendant(s): Theodore Jackson

       Employed as Fulton County Sheriff

       at Fulton County Sheriff Office: 185 Central Avenue, Suite 9000; Atlanta, GA 30303

E.      Defendant(s): Mark Adler

       Employed as Fulton County Chief Jailer

       at Fulton County Jail: 901 Rice Street; Atlanta, Georgia 30318

**IV.   Statement of Claim**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved.
Include also the names of other persons involved, dates, and places.  **Do not give any legal
arguments or cite any cases or statutes.**  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach
extra sheets if necessary.)

**DESCRIPTION OF HOW EACH DEFENDANT IS INVOLVED**

1. On December 15, 2016, Kevin Melvin Weeks (Weeks) was picked up from the state system

   by the Fulton County Sheriff's Agency (Agency) and transported to the Fulton County Jail

   (Jail) on a Court Production Order (CPO) for a mandamus hearing scheduled for December

   16, 2016.

2. The transport van arrived at the Fulton County Jail on December 15, 2016 at 11:03AM. As the

   state prisoners were taken out of the van, Fulton County Deputy Sheriff T. Francis #2688 said,

   "We have six CPOs, including Jeremy Moody." (re: The term CPOs refers to state prisoners

   returning on a Court Production Order (CPO)).  Weeks was escorted into the sally port area

   and pat-frisked by one of the transporting deputies.

3. Weeks was instructed to leave his property in the sally port and have a seat in the waiting area

   as Intake Officer Franklin Jones (Jones) began processing the CPOs.

4. Weeks was one of six CPOs.  Within 15 minutes, Property Officer Markeness Jackson (M.

   Jackson) called Weeks to the property room with two other CPOs.

5. Property Officer M. Jackson subjected Weeks to a routine intake processing strip search by

   having Weeks (a) open his mouth, (b) strip naked, (c) squat and cough, (d) lift his hands and

   feet and then (e) giving Weeks a red jumpsuit.  Afterwards, M. Jackson searched and

   inventoried the property which arrived with Weeks.  Weeks was only allowed to take legal

   materials to the dorm while other items were stored in a property box.  The officer instructed

   Weeks to return to the waiting intake area.

## IV. Statement of Claim (Cont'd)

6. As Weeks waited, Intake Officer Jones allowed Weeks to use the free operating phone to notify his wife that he had arrived at the Jail. After all CPOs were processed, they were placed into holding Cell #127, away from all other arrestees.

7. Between 2:30pm and 3:00pm on December 15, 2016, Sergeant Robert C. Grady (Grady) came to holding cell #127 and officially commanded, "All of y'all, get your things and come with me, now!" Weeks and five other CPOs picked up their property and stepped outside of the cell and was escorted back to the property room by Grady.

8. When Weeks entered the property room, Officers Jones, M. Jackson, and Rafferty Fuqua (Fuqua) were waiting for the group of CPOs. Once in the room, Weeks and the other CPOs were instructed by Grady to line up shoulder to shoulder in a group. Grady then said, "Put your things down, turn around and face the wall, and take off your jumpsuits." The CPOs were now standing there naked with their buttocks facing the four officers. In close proximity to Weeks, Grady moved in closer and said, "Now bend over, spread your cheeks, squat and cough."

9. After Weeks did as instructed, Grady continued his actions and commanded, "Now turn around and lift your arms, open your mouth, squat again and then grab your penis and lift your nuts." At that moment, Grady, who was serving in an official capacity over Weeks, made an uninvited voyeuristic sound of "umm" which signified Grady's sexual arousal.

10. Officer Jones exclaimed, "What the hell is this sissy punk shit? Officer M. Jackson already strip searched them. . . I am not down with this wood watching; and you have violated these guys and you violated me. I don't watch the wood!" Then Jones walked out of the property room away from Grady who tried to stop Jones by placing his hand on Jones shoulder, but Jones snatched away from Grady's grasp. M. Jackson and Fuqua followed Jones. Grady

turned to Weeks and the other CPOs and said, "Put your jumpsuits back on and go back to cell #127." Grady nor the other officers searched the prisoner's jumpsuits or their personal property prior to the CPOs returning to cell #127.

11. Weeks wanted to speak with his wife about the incident that just took place. He noticed that the shift changed and thought this to be a chance to use the free operating phone again. So, Weeks tapped on the cell window to get Intake Officer Brian Martin's (Martin) attention. When Martin came to the cell door, Weeks said, "Sir, I need to use the phone. . . It is very important." Officer Martin said, "You have to talk with Sergeant Grady." From the intake desk, Grady asked, "What do they want?" Martin said, "They want to use the phone." Grady replied, "No, they already used it on first watch." Weeks said nothing else because he didn't trust speaking with the staff for fear of what might happen to him. Weeks didn't want to jeopardize his safety of his life, due to the reports he heard about Jail inmates being beaten by this Agency's Green Team.

12. On December 15, 2016 between 8:00pm and 9:00pm, approximately nine (9) hours later, the CPOs were removed from intake and taken to the medical floor to be seen by the medical provider. Once on the medical floor, Weeks and the other CPOs were placed into another holding cell. Weeks was subjected to sleeping on a cold cell floor in only his jumpsuit with no underwear. Between 6:30am and 7:00am, Weeks was seen by the medical provider. After Weeks' name was called to appear in court, he was rushed to court from the medical holding cell without any underwear underneath his red jumpsuit. It was after 12:30pm on December 16, 2016 when Weeks returned from court and taken to Housing Unit 7 South. At this time, Weeks received a kit that contained Jail issued items to include 2 underwear.

13. Weeks tried to use the dorm pre-paid phone system to call his wife, but unable to because he had not received a Securus Technologies (Securus) PIN which is required as part of the process to activate the phone. The only way to use the phone was after activation of the Securus Voice

Biometrics system.  Weeks was told by the floor officer (Officer John Doe) that "your phone voice activation should have been done when you were processed into the Jail."

14. Weeks received the PIN number on December 17, 2016 but was still unable to use the phone because a floor officer is required to escort the inmate to another floor in order to activate the Jail's Securus Voice Biometrics system.

15. Weeks was not escorted by a floor officer to activate the Securus Voice Biometrics system until on or about December 20, 2016.

16. On December 22, 2016, Weeks spoke with Sergeant C. Taylor (Taylor), the first watch supervisor over Housing Unit 7 South; and she instructed Weeks on how the grievance procedure works at the Jail. This was when four of the six CPOs, Weeks, Gregory Fields, Travis Worthen, and Christopher Pace, filed grievances regarding the December 15, 2016 second strip search incident.

17. On December 28, 2016, Weeks was called to the Housing Unit 7 South multipurpose room. When he entered the room, Sergeant Maryam Muhammad (Muhammad) and another officer, believed to be Officer Fitten, were waiting on him. Muhammad said, "On behalf of the Fulton County Jail and the Fulton County Sheriff's Office, I apologize that this has happened to you and as the PREA Investigator, I must inform you that this is now a Federal Investigation." Muhammad then asked, "Is this your grievance and signature?" Weeks replied, "Yes." Then Muhammad asked, "Is everything that you wrote your factual statement of what happened to you?" Weeks replied, "Yes." Sergeant Muhammad, then said, "I need you to sign Miranda and Garrity statement forms."

18. Weeks began to ask a question as he was signing the forms and that was when he noticed that Muhammad's Body Cam was recording. "May I have a copy of the grievance?" asked Weeks. Muhammad looked at the officer to her left and replied to Weeks, "Your grievance has been

administratively closed and you will receive a copy from Grievance Officer Streeter. . . This
is now a PREA investigation." Weeks was sent back to the dorm.

19. Within a few days of Week's initial contact with Muhammad, he had not received anything in
the mail from Grievance Officer Streeter.  On December 30, 2016 Weeks followed up by
sending Muhammad a letter exercising his rights to exhaust the Jail's administrative remedies.
On the following transfer day of January 3, 2017, Weeks was transferred back to Washington
State Prison without a copy of the requested grievance.

20. On or about January 9, 2017, Weeks sent several letters to Theodore Jackson (T. Jackson),
Muhammad, Mark Adger (Adger) and Byron McMullen (McMullen) at the Agency and Jail
requesting his initial copy of the grievance that was filed on December 22, 2016.  Weeks did
receive two letters from Muhammad stating that she could not provide the requested records
and that the records must be obtained from the Jail's Record Custodian McMullen.

21. Weeks sent several Open Records Request to the Jail's Record Custodian Sergeant McMullen
and received no responses thereafter.

## COUNT I: ILLEGAL AND UNCONSITUTIONAL STRIP SEARCH

22. Plaintiff Weeks incorporates by reference paragraphs 1 through 21.

23. Plaintiff Weeks is entitled to the due process and equal protection of the laws under U.S.
Constit. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

24. Defendant Grady, as sergeant for the Agency in his individual and official capacity while acting
under the color of state law, actions of a second successive strip search were illegal, intrusive,
unconstitutional and unrelated to any "Exigent Circumstance" of any reasonable suspicion that
the plaintiff was concealing a weapon, contraband or evidence of a crime while under constant
supervision of cameras and a floor officer since the plaintiff's initial BLANKET STRIP

SEARCH; thus, Defendant Grady did deprive Plaintiff Weeks of his rights guaranteed by the U.S. Constit. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

25. Defendant Grady abridged the Agency and Jail Bureau's Strip and Body Cavity Search procedures and officers Code of Ethics by intentionally stepping apart and aside from the performance of his official duties by imposing humiliating, unsafe, and unprofessional practices not related to any initial intake processing. Defendant Grady instructing Weeks with five (5) other CPOs as a group to line up, strip naked, bend over, spread buttocks and squat-cough multiple times in a repeated fashion, then forcing Weeks to grab and lift genitals for a second inspection, absent any reasonable belief or probable cause that would result in the discovery of evidence of a crime or suspicion of a crime that Weeks has committed, was unconstitutional.

26. The above described actions of Grady were undertaken in his individual and official capacity while acting under the color of state law as sergeant for the Agency at the Jail; and Grady's actions of unconstitutionally strip searching Weeks in/as a group for a non-penological reason did deprive plaintiff of his equal protection and due process rights guaranteed to him by the U.S. Constit. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

## COUNT II: SEXUAL HARRASSMENT

27. Plaintiff incorporates by reference paragraphs 1 through 26.

28. Plaintiff is entitled to the due process and equal protection of the laws guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

29. Defendant Grady, as sergeant for the Agency undertaken at the Jail in his individual and official capacity while acting under the color of state law, did sexually harass plaintiff on December 15, 2016, when Grady instructed Weeks during the second successive and unwarranted strip search to spread his buttocks and grab his genitals while Defendant Grady made the uninvited

voyeuristic sound of "umm" for the purpose of Grady's sexual gratification and did deprive Plaintiff Weeks of the equal protection laws to be free from sexual harassment.

30. The above described actions of Grady were undertaken in his individual and official capacity while acting under the color of law as sergeant for the Agency at the Jail. Grady did sexually harass Weeks by unlawfully forcing him to expose the anal of his buttocks as well as the genitals and then making an unwelcomed verbal sound for reasons unrelated to Grady's official duties. The causation and personal involvement of Grady, did deprive Weeks' rights to equal protection of the Prison Rape Elimination Act of 2003 to be free from sexual harassment by the Agency or Jail's staff as, and when Grady stepped aside from the performance of his duties and was the causation and driving force that deprived Weeks of his equal protection and due process rights guaranteed to him by the PREA laws and the U.S. Const. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

## COUNT III: CRUEL AND UNUSAL PUNISHMENT

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Plaintiff is entitled to the due process and equal protections rights guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

33. Defendant Grady, as sergeant for the Agency undertaken at the Jail in his individual and official capacity while acting under the color of state law, did sexually harass plaintiff during an unconstitutional strip search while Plaintiff Weeks was naked which constituted cruel and unusual punishment when Grady stepped aside from the performance of Grady's official duties and made an uninvited voyeuristic sound for the sole purpose of Grady's sexual gratification. This cruel and unusual punishment deprived the plaintiff of equal protection and due process rights guaranteed by the U.S. Constit. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

34. The above described actions of Grady were undertaken in his individual and official capacity while acting under the color of state law as sergeant for the Agency at the Jail and constituted a Federal and State PREA Violation by stepping aside from the performance of his official duties and invaded plaintiff's bodily privacy for reasons unrelated to his official duties when Grady instructed Weeks and five (5) other intake CPOs to expose their buttocks and genitals as Grady made an uninvited voyeuristic sound.  As a result, Grady did deprive Weeks of his rights to equal protection and due process guaranteed by the U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

## COUNT IV: DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES

35. Plaintiff incorporates by reference paragraphs 1 through 34.

36. Plaintiff is entitled to the equal protection of the laws guaranteed under U.S. Constit. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

37. On December 15, 2016 Defendant Grady, as sergeant for the Agency undertaken at the Jail and in his individual and official capacity while acting under the color of state law, did expose the plaintiff's genitals under non-consensual circumstances solely for Defendant Grady's sexual gratification, thus, depriving Plaintiff Weeks rights to the equal protection of being in a safe environment, free from sexual abuse/sexual harassment and free from sexual exploitation practices guaranteed under U.S. Constit. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

38. Defendant Muhammad, as sergeant for the Agency and the PREA SART Representative/Investigator at the Jail in her individual and official capacity while acting under the color of state law, did with actual knowledge of impediment, colluded with the Grievance Officers Santrez Fitten and Christine Streeter in depriving the plaintiff from receiving a copy of the grievance form and violated the equal protection and due process rights and privileges

guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

39. Defendants T. Jackson and Adger, jointly as Agency administrators of Jail Operations at the Jail, in their individual and official capacity while acting under the color of state law, did deprive Plaintiff Weeks upon arriving at the Jail of plaintiff's right to know the Agency/Jail's PREA zero-tolerance policy for sexual abuse and sexual harassment and adequate information on how to report an allegation at the Jail and did not provide verbal notification, a PREA pamphlet nor a PREA Hotline number within the Jail's revised 04/2015 inmate handbook. As a result, Defendants T. Jackson and Adger further violated and deprived plaintiff of his right to the protection of plaintiff's well-being under the custodial care of T. Jackson and Adger and further violated plaintiff's equal protection and due process rights guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

40. Defendants T. Jackson and Adger, as Agency administrators of Jail operations at the Jail in their individual and official capacity while acting under the color of state law, did negligently deprive plaintiff the right to have adequate underclothing when "changed out" during intake processing and did violate his equal protection and due process rights guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

41. Defendants T. Jackson and Adger as Agency administrators of Jail operations at the Jail, in their individual and official capacity while acting under the color of state law, did negligently deprive plaintiff the right to activate the Securus Voice Biometrics System when he was processed into the Jail for usage of the dorms phone system and violated his equal protection and usage due process rights guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

42. As a result of the deprivation of rights due that was motivated by the negligent actions of all defendants, Plaintiff Weeks was injured by the defendants and deprived of the equal protection

of having and exercising his rights and privileges guaranteed under U.S. Constit. amend. VIII
and XIV and Georgia Const. and Laws. art. I § 1(2)(17).

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff incorporates by reference paragraphs 1 through 42.

44. Plaintiff is entitled to the equal protection of the laws guaranteed under U.S. Const. amend.
    IV, VIII and XIV and Georgia Const. and Laws. art. I § 1 (2)(13)(17).

45. The conduct of Defendant Grady, undertaken at the Jail and in his individual and official
    capacity while acting under the color of state law herein set forth, was odious, perverse,
    degrading and outrageous. Not only were the acts of voyeuristic sexual harassment by Grady
    unwelcomed, but also, they were willful, deliberate, reckless. intentional, and persistently
    continuous when Grady violated plaintiff Weeks on December 15, 2016 in the Fulton County
    Jail's property room.

46. Grady's voyeuristic harassing advances, upon and while Weeks' person was naked and under
    the control of Grady as his instructive discretionary decisions and commands to perform acts
    thereupon, were extreme, intentional, and the causation of Weeks to suffer severe emotional
    distress.

47. These actions of Grady were so outrageous, in character and extreme in degree as to go beyond
    all possible bounds of ethical decency while implementing his discretionary decisions
    concerning the supervision of six (6) CPO's that were unrelated to any contraband incident and
    the causation of the Post Traumatic Stress Event (PTSE) and triggered Weeks's Post Traumatic
    Stress Disorder (PTSD) of childhood sexual abuse.

48. The actions of Grady's voyeuristic conduct during an unconstitutional strip and body cavity search was "wanton and unnecessary" that Frank Jones, a subordinate Detention Officer, had to stop Grady from violating the group and regarded his supervisors behavior as atrocious, utterly intolerable and contrary to contemporary standards of decency and violated Weeks' equal protection and due process rights to be free from intentional infliction of emotional cruel and unusual punishment guaranteed under the U.S. Const. amend. IV, XIV and VIII and Georgia Const. and Laws. art. I § 1(2)(13)(17).

## V.   Relief

State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.

WHEREFORE, Plaintiff Kevin Melvin Weeks respectfully prays that this court enter judgement

granting plaintiff:

A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and Laws of the United States.

Nominal damages in the amount of $75,000 against each defendant jointly and severally.

Punitive damages in the amount of $100,000 against each defendant jointly and severally.

Plaintiff's costs in the suit.

A jury trial demanded on all issues triable by jury.

Any additional relief this court deems just, proper and equitable.

Signed this 27th day of March, 2018.

Signature of Plaintiff

**STATE OF GEORGIA**
**COUNTY OF FULTON**

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** 27 March 2018
              (Date)

Signature of Plaintiff