Appendix A

Amended Complaint

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KEVIN MELVIN WEEKS, GDC 967825,          ) | |
| -vs-          ) | Case Number: |
| ROBERT C. GRADY, DEPUTY SHERIFF-SERGEANT,          ) | 1:18-cv-1373-MHC-JKL |
| MARYAM MUHAMMAD, DEPUTY SHERIFF-SERGEANT,          ) | Re: Amended Complaint |
| THEODORE JACKSON, SHERIFF, and          ) | with Supporting Document |
| MARK ADGER, CHIEF JAILER          ) | JURY TRIAL DEMANDED |

I.   **Previous Lawsuits**

    A.   Have you filed other lawsuits in federal court while incarcerated in any institution?

          Yes ( X )     No ( )

    B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.   Parties to this previous lawsuit:

            Plaintiff(s): Kevin Melvin Weeks
            Defendant(s): Brown

        2.   Court (name the district): Northern District, Georgia

        3.   Docket Number: 1:03-CV-682-CAM

        4.   Name of judge to whom case was assigned: Honorable Charles A. Moye, Jr.

**I.   Previous Lawsuits (Cont'd)**

   5.   Did the previous case involve the same facts?

   Yes ( )   No ( x )

   6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Granting Defendant's motion to dismiss, or in the alternative, for summary judgement.

   7.   Approximate date of filing lawsuit:   2003

   8.   Approximate date of disposition:   July 7, 2004

*SECOND CIVIL ACTION*

**I.   Previous Lawsuits**

   A.   Have you filed other lawsuits in federal court while incarcerated in any institution?

   Yes ( X )   No ( )

   B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiff(s): Kevin Melvin Weeks

   Defendant(s): Robert C. Grady, Maryam Muhammad, Theodore Jackson and Mark Adger

2. Court (name the district): Northern District, Georgia

3. Docket Number:   1:18-CV-52-MHC

4. Name of judge to whom case was assigned: Honorable Mark H. Cohen

5. Did the previous case involve the same facts?

   Yes ( x )   No ( )

I.   **Previous Lawsuits**

    6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
Dismissed without prejudice for misrepresentation of litigation history

    7.   Approximate date of filing lawsuit:    December 15, 2017

    8.   Approximate date of disposition:    February 13, 2018

II.   **Exhaustion of Administrative Remedies**

Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted. Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

    A.   Place of Present Confinement:    Calhoun State Prison

    B.   Is there a prisoner grievance procedure in this institution?

             Yes ( X )    No (  )

    C.   Did you present the facts relating to your complaint under the institution's grievance procedure?

             Yes (  )    No ( X )

    D.   If your answer is YES:
           1.   What steps did you take and what were the results?

           _____
           _____
           _____
           _____
           _____

           2.   If your answer is NO, explain why not:    The incident took place at Fulton County Jail in Atlanta, Georgia where Kevin Melvin Weeks did file a grievance.

**III.** **Parties**

(In item A below, place your name in the first blank and place your present address in the second blank.)

    A.    Name of Plaintiff: Kevin Melvin Weeks

            Address(es):  Calhoun State Prison; P.O. Box 249; 27823 Main Street; Morgan, Georgia 39866.

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

    B.    Defendant(s): Robert C. Grady

        Employed as Fulton County Deputy Sheriff-Sergeant

        at Fulton County Jail: 901 Rice Street; Atlanta, Georgia 30318

    C.    Defendant(s): Maryam Muhammad

        Employed as Fulton County Deputy Sheriff-Sergeant

        at Fulton County Jail: 901 Rice Street; Atlanta, Georgia 30318

    D.    Defendant(s): Theodore Jackson

        Employed as Fulton County Sheriff

        at Fulton County Sheriff Office: 185 Central Avenue, Suite 9000; Atlanta, GA 30303

    E.    Defendant(s): Mark Adler

        Employed as Fulton County Chief Jailer

        at Fulton County Jail: 901 Rice Street; Atlanta, Georgia 30318

IV. **Statement of Claim**
State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

**DESCRIPTION OF HOW EACH DEFENDANT IS INVOLVED**

1. On December 15, 2016, Kevin Melvin Weeks (Weeks) was picked up from the state system by the Fulton County Sheriff's Agency (Agency) and transported to the Fulton County Jail (Jail) on a Court Production Order (CPO) for a mandamus hearing scheduled for December 16, 2016.

2. The transport van arrived at the Fulton County Jail on December 15, 2016 at 11:03AM. As the state prisoners were taken out of the van, Fulton County Deputy Sheriff T. Francis #2688 said, "We have six CPOs, including Jeremy Moody." (re: The term CPOs refers to state prisoners returning on a Court Production Order (CPO)). Weeks was escorted into the sally port area and pat-frisked by one of the transporting deputies.

3. Weeks was instructed to leave his property in the sally port and have a seat in the waiting area as Intake Officer Franklin Jones (Jones) began processing the CPOs.

4. Weeks was one of the six CPOs. Within 15 minutes, Property room Cadet-Deputy Sheriff Markennis Jackson (M. Jackson) called Weeks to the property room with two other CPOs.

5. Property Officer M. Jackson subjected Weeks to a routine intake processing strip search by having Weeks (a) open his mouth, (b) strip naked, (c) squat and cough, (d) lift his hands and feet and then (e) giving Weeks a red jumpsuit. Afterwards, M. Jackson searched and inventoried the property which arrived with Weeks. Weeks was only allowed to take legal materials to the dorm while other items were stored in a property box. The officer instructed Weeks to return to the waiting intake area.

## IV. Statement of Claim (Cont'd)

6. As Weeks waited, Intake Officer Jones allowed Weeks to use the free operating phone to notify his wife that he had arrived at the Jail. After all CPOs were processed, they were placed into holding Cell #127, away from all other arrestees.

7. Between 2:30pm and 3:00pm on December 15, 2016, Sergeant Robert C. Grady (Grady) came to holding cell #127 and officially commanded, "All of y'all, get your things and come with me, now!" Weeks and five other CPOs picked up their property and stepped outside of the cell and was escorted back to the property room by Grady.

8. When Weeks entered the property room, Officers Jones, M. Jackson, and Rafferty Fuqua (Fuqua) were waiting for the group of CPOs. Once in the room, Weeks and the other CPOs were instructed by Grady to line up shoulder to shoulder in a group. Grady then said, "Put your things down, turn around and face the wall, and take off your jumpsuits." The CPOs were now standing there naked with their buttocks facing the four officers. In close proximity to Weeks, Grady moved in closer and said, "Now bend over, spread your cheeks, squat and cough."

9. After Weeks did as instructed, Grady continued his actions and commanded, "Now turn around and lift your arms, open your mouth, squat again and then grab your penis and lift your nuts." At that moment, Grady, who was serving in an official capacity over Weeks, made an uninvited voyeuristic sound of "umm" which signified Grady's sexual arousal.

10. Officer Jones exclaimed, "What the hell is this sissy punk shit? Officer M. Jackson already strip searched them. . . I am not down with this wood watching; and you have violated these guys and you violated me. I don't watch the wood!" Then Jones walked out of the property room away from Grady who tried to stop Jones by placing his hand on Jones shoulder, but Jones snatched away from Grady's grasp. M. Jackson and Fuqua followed Jones. Grady

turned to Weeks and the other CPOs and said, "Put your jumpsuits back on and go back to cell #127." Grady nor the other officers searched the prisoner's jumpsuits or their personal property prior to the CPOs returning to cell #127.

11. Weeks wanted to speak with his wife about the incident that just took place. He noticed that the shift changed and thought this to be a chance to use the free operating phone again. So, Weeks tapped on the cell window to get Intake Officer Brian Martin's (Martin) attention. When Martin came to the cell door, Weeks said, "Sir, I need to use the phone... It is very important." Officer Martin said, "You have to talk with Sergeant Grady." From the intake desk, Grady asked, "What do they want?" Martin said, "They want to use the phone." Grady replied, "No, they already used it on first watch." Weeks said nothing else because he didn't trust speaking with the staff for fear of what might happen to him. Weeks didn't want to jeopardize his safety of his life, due to the reports he heard about Jail inmates being beaten by this Agency's Green Team.

12. On December 15, 2016 between 8:00pm and 9:00pm, approximately nine (9) hours later, the CPOs were removed from intake and taken to the medical floor to be seen by the medical provider. Once on the medical floor, Weeks and the other CPOs were placed into another holding cell. Weeks was subjected to sleeping on a cold cell floor in only his jumpsuit with no underwear. Between 6:30am and 7:00am, Weeks was seen by the medical provider. After Weeks' name was called to appear in court, he was rushed to court from the medical holding cell without any underwear underneath his red jumpsuit. It was after 12:30pm on December 16, 2016 when Weeks returned from court and taken to Housing Unit 7 South. At this time, Weeks received a kit that contained Jail issued items to include 2 underwear.

13. Weeks tried to use the dorm pre-paid phone system to call his wife, but unable to because he had not received a Securus Technologies (Securus) PIN which is required as part of the process to activate the phone. The only way to use the phone was after activation of the Securus Voice

Biometrics system. Weeks was told by the floor officer (Officer John Doe) that "your phone voice activation should have been done when you were processed into the Jail."

14. Weeks received the PIN number on December 17, 2016 but was still unable to use the phone because a floor officer is required to escort the inmate to another floor in order to activate the Jail's Securus Voice Biometrics system.

15. Weeks was not escorted by a floor officer to activate the Securus Voice Biometrics system until on or about December 20, 2016.

16. On December 22, 2016, Weeks spoke with Sergeant C. Taylor (Taylor), the first watch supervisor over Housing Unit 7 South; and she instructed Weeks on how the grievance procedure works at the Jail. This was when four of the six CPOs, Weeks, Gregory Fields, Travis Worthen, and Christopher Pace, filed grievances regarding the December 15, 2016 second strip search incident.

17. On December 28, 2016, Weeks was called to the Housing Unit 7 South multipurpose room. When he entered the room, Sergeant Maryam Muhammad (Muhammad) and another officer, believed to be Officer Fitten, were waiting on him. Muhammad said, "On behalf of the Fulton County Jail and the Fulton County Sheriff's Office, I apologize that this has happened to you and as the PREA Investigator, I must inform you that this is now a Federal Investigation." Muhammad then asked, "Is this your grievance and signature?" Weeks replied, "Yes." Then Muhammad asked, "Is everything that you wrote your factual statement of what happened to you?" Weeks replied, "Yes." Sergeant Muhammad, then said, "I need you to sign Miranda and Garrity statement forms."

18. Weeks began to ask a question as he was signing the forms and that was when he noticed that Muhammad's Body Cam was recording. "May I have a copy of the grievance?" asked Weeks. Muhammad looked at the officer to her left and replied to Weeks, "Your grievance has been

administratively closed and you will receive a copy from Grievance Officer Streeter. . . This is now a PREA investigation." Weeks was sent back to the dorm.

19. Within a few days of Week's initial contact with Muhammad, he had not received anything in the mail from Grievance Officer Streeter. On December 30, 2016 Weeks followed up by sending Muhammad a letter exercising his rights to exhaust the Jail's administrative remedies. On the following transfer day of January 3, 2017, Weeks was transferred back to Washington State Prison without a copy of the requested grievance.

20. On or about January 9, 2017, Weeks sent several letters to Theodore Jackson (T. Jackson), Muhammad, Mark Adger (Adger) and Byron McMullen (McMullen) at the Agency and Jail requesting his initial copy of the grievance that was filed on December 22, 2016. Weeks did receive two letters from Muhammad stating that she could not provide the requested records and that the records must be obtained from the Jail's Record Custodian McMullen.

21. Weeks sent several Open Records Requests (ORRs) to the Jail's Record Custodian Sergeant McMullen and received no response thereafter. Weeks then sent ORRs to the Fulton County Record Custodian Steven Rosenburg and the Fulton County Sheriff's Offices Record Custodian Samia Barnes and received the documents that PREA Investigator Maryam Muhammad recorded, that supports Weeks' claims.

**COUNT I: ILLEGAL AND UNCONSITUTIONAL STRIP SEARCH**

22. Plaintiff Weeks incorporates by reference paragraphs 1 through 21.
23. Plaintiff Weeks is entitled to the due process and equal protection of the under U.S. Const. amend. IV, VIII and XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).
24. Defendant Grady, as sergeant for the Agency in his individual and official capacity while acting under the color of state law, ordered a second strip search that was illegal, intrusive,

unconstitutional and unrelated to any reasonable suspicion that the plaintiff was concealing a weapon, contraband or evidence of a crime, while under constant supervision of cameras and a floor office, since the plaintiff's initial BLANKET STRIP SEARCH; thus, Defendant Grady did deprive Plaintiff Weeks of his rights guaranteed by the U.S. Const. amend. IV, VIII and XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).

25. Defendant Grady abridged the Agency and Jail Bureau's Strip and Body Cavity Search procedures and officers Code of Ethics by intentionally stepping apart and aside from the performance of his official duties by imposing humiliating, unsafe and unprofessional practices not related to any initial intake processing. Defendant Grady instructing Weeks with five (5) other CPO's as a group to line up, strip naked, bend over, spread buttocks and squat-cough multiple times in a repeated fashion forcing Weeks to grab and lift his genitals for a second inspection was unconstitutional. In that by doing so it was an act of intentional intrusion, sexual assault and sexual abuse absent any reasonable belief or probable cause that would result in the discovery of evidence of a crime or the mere suspicion of a crime.

26. The above described actions of Grady were undertaken in his individual and official capacity while acting under the color of state law as sergeant for the Agency at the Jail; and Grady's actions of unconstitutionally strip searching Weeks in/as a group for a non-penological reason did deprive plaintiff of his equal protection and due process rights guaranteed to him by the U.S. Constit. amend. IV, VIII and XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).

**COUNT II: SEXUAL HARRASSMENT**

27. Plaintiff incorporates by reference paragraphs 1 through 26.
28. Plaintiff is entitled to the due process and equal protection of the laws guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws art. I § 1(2)(17).

29. Defendant Grady, as sergeant for the Agency at the Jail in his individual and official capacity while acting under the color of state law, did sexually harass plaintiff on December 15, 2016, when Grady instructed Weeks during the additional unwarranted strip search, to spread his buttocks and grab his genitals while Defendant Grady made the uninvited voyeuristic sexual sound of "umm" for the purpose of Grady's sexual gratification depriving Plaintiff Weeks of the equal protection laws to be free from sexual harassment by staff.

30. The above described actions of Grady were undertaken in his individual and official capacity while acting under the color of law as sergeant for the Agency at the Jail. Grady did sexually harass Weeks by unlawfully forcing him to expose the anal of his buttocks as well as the genitals and then making an unwelcomed verbal sound for reasons unrelated to Grady's official duties. The causation and personal involvement of Grady, did deprive Weeks' rights to equal protection of the Prison Rape Elimination Act of 2003 to be free from sexual harassment by the Agency or Jail's staff as, and when Grady stepped aside from the performance of his duties and was the causation and driving force that deprived Weeks of his equal protection and due process rights guaranteed to him by the PREA laws and the U.S. Const. amend. IV, VIII and XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).

**COUNT III: CRUEL AND UNUSAL PUNISHMENT**

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Plaintiff is entitled to the due process and equal protections rights guaranteed under U.S. Constit. amend. VIII and XIV and Georgia Const. and Laws art. I § 1(2)(17).

33. Defendant Grady, as sergeant for the Agency undertaken at the Jail in his individual and official capacity while acting under the color of state law, did sexually harass plaintiff during an unconstitutional strip search while Plaintiff Weeks was naked constituted cruel and unusual punishment when Grady stepped aside from the performance of his official duties and made an

uninvited voyeuristic sexual sound for the sole purpose of Grady's sexual gratification. This cruel and unusual punishment deprived the plaintiff the equal protection and due process rights guaranteed by the U.S. Const. amend. IV, VIII and XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).

34. The above described actions of Grady were undertaken in his individual and official capacity while acting under the color of state law as sergeant for the Agency at the Jail and constituted a Federal and State PREA Violation when Grady invaded the plaintiff's bodily privacy for reasons unrelated to his official duties, when Grady instructed Weeks with five (5) other intake CPO's to expose their buttocks and genitals as Grady made an uninvited voyeuristic sexual sound. As a result, Grady deprived Weeks of his rights to the equal protection and due process rights under U.S. Const. amend. VIII and XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).

**COUNT IV: DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES**

35. Plaintiff incorporates by reference paragraphs 1 through 34.

36. Plaintiff is entitled to the equal protection of the laws guaranteed under U.S. Constit. amend. IV, VIII and XIV and Georgia Const. and Laws. art. I § 1(2)(13)(17).

37. On December 15, 2016, Defendant Grady, as sergeant for the Agent undertaken at the Jail and in his individual and official capacity while acting under the color of state law, did expose the plaintiff's genitals under non-consensual circumstances solely for Defendant Grady's sexual gratification, thus, depriving Plaintiff Weeks the right to receiving equal protection of being in a safe environment, free from sexual assault, sexual abuse, sexual harassment and sexual exploitation practices guaranteed by the U.S. Const. amend. IV, VIII and XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).

38. Defendant Muhammad, as sergeant for the Agency and the PREA Investigator at the jail in her individual and official capacity acting under the color of state law, did with actual knowledge of impediment, colluded with the Grievance Officers Santrez Fitten, Christine Streeter and Lieutenant-Stephanie Warthen-Morton in depriving the plaintiff the right of receiving a copy of all investigative reported findings rooted in the Federal and State Standards of the PREA Mandates §115.73 (a)-(c), to include copies of the grievance form and violated plaintiffs equal protection and due process rights and privileges guaranteed by the U.S. Const. amend. VIII, XIV and Georgia Const. and Laws art. I § 1(2)(13)(17).

39. Defendants T. Jackson and Adger, jointly as Agency administrators of Jail Operations, in their individual and official capacity while acting under the color of state law, did not afford Plaintiff Weeks, upon arriving at the Jail, the right to receiving written Orientation Material and Classification/Orientation Processing Rights to Know the Jail's PREA zero tolerance policy for sexual abuse and sexual harassment and adequate information on how to report an allegation at the Jail and did not provide verbal notification, a PREA pamphlet nor a Hotline number within the Jail's revised April 4, 2015 inmate handbook. As a result, Defendant T. Jackson and Adger did violate and deprived plaintiff of his right to the protection of his well-being under the care of the Fulton County Jail/Sheriff's Department and said actions violated the plaintiff's equal protection and due process rights guaranteed under the U.S. Const. amend. VIII, XIV and Georgia Const. and Laws art. I § 1(2)(17).

40. Defendants T. Jackson and Adger, jointly as Agency administrators of Jail Operations at the Jail in their individual and official capacity while acting under the color of state law, did negligently deprive the plaintiff of his inalienable rights to have adequate underclothing when 'changed out' during intake processing as did the female gender class and did violate his equal protection and due process rights guaranteed under the U.S. Const. amend. VIII, IX and XIV and Georgia Const. and Laws art. I § I (2)(17) and (28).

41. Defendants T. Jackson and Adger, jointly as Agency administrators of Jail Operations at the Jail in their individual and official capacity while acting under the color of state law, did deliberately deprive plaintiff the right to activate the Securus Voice Biometrics System when he was processed into the Jail for usage of the dorms phone system to report the incident by phone through a third party who is able to receive and immediately forward the reported incident to the Sheriff's Office and thus violated his equal access and due process rights guaranteed under the U.S. Const. amend. VIII, IX and XIV and Georgia Const. and Laws art. I § I (2)(17) and (28).

42. Plaintiff Weeks was injured by the defendants and deprived of the equal protection of having equal access privileges guaranteed under the U.S. Const. amend. VIII, IX and XIV of Georgia Const. and Laws art. I § I (2)(17) and (28) that was motivated by the negligent actions of all defendants.

**COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43. Plaintiff incorporates by reference paragraphs 1 through 42.

44. Plaintiff is entitled to the equal protection of the laws guaranteed under U.S. Const. amend. IV, VIII and XIV and Georgia Const. and Laws art. I § 1 (2)(13)(17).

45. The conduct of Defendant Grady, undertaken at the Jail and in his individual and official capacity while acting under the color of state law herein set forth, was odious, perverse, degrading and outrageous. Not only were the acts of voyeuristic sexual harassment by Grady unwelcomed, but also, they were willful, deliberate, reckless. intentional, and persistently continuous when Grady violated plaintiff Weeks on December 15, 2016 in the Fulton County Jail's property room.

46. Grady's voyeuristic harassing advances, while Weeks was naked and under the control of Grady commands to perform physical acts such as grabbing his genitals, coupled with Grady's sexual sounds thereupon, were extreme, intentional, and the causation of Weeks to suffer severe emotional distress.

47. These actions of Grady were so outrageous, in character and extreme in degree as to go beyond all possible bounds of ethical decency while implementing his discretionary decisions concerning the supervision of six (6) CPO's that were unrelated to any contraband incident and the causation of the Post Traumatic Stress Event (PTSE) and triggered Weeks's Post Traumatic Stress Disorder (PTSD) of childhood sexual abuse.

48. The actions of Grady's voyeuristic sexual sounds during this unconstitutional group strip and body cavity search was 'wanton and unnecessary' that Frank Jones, a subordinate Detention Officer had to stop Grady from violating the group and regarded the supervising officers behavior as atrocious, utterly intolerable and contrary to contemporary standards of decency and violated Weeks' equal protection and due process rights to be free from intentional infliction of emotional cruel and unusual punishment guaranteed under the U.S. Const. amend. IV. XIV and VIII and Georgia Const. and Laws art. I § 1 (2)(13) and (17).

**V.  Relief**

State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.

WHEREFORE, Plaintiff Kevin Melvin Weeks respectfully prays that this court enter judgement granting plaintiff:

A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and Laws of the United States.

Plaintiff seeks a preliminary and permanent injunction ordering defendants T. Jackson and Mark Adger to furnish and provide male inmates that are bound for population housing with adequate underclothing (undershorts and undershirts) as are provided to the female gender class during change-out.

Nominal damages in the amount of $75,000 against each defendant jointly and severally.

Punitive damages in the amount of $100,000 against each defendant jointly and severally.

Plaintiff's cost in the suit.

A jury trial demanded on all issues triable by jury.

Any additional relief this Court deems proper and adequate.


Signed this 3rd day of June, 2018.


[Signature on page 17]


**STATE OF GEORGIA**
**COUNTY OF FULTON**

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** 3 June 2018
                    (Date)


[Signature on page 18]

**Kevin M. Weeks**_____

_____<br>Kevin M. Weeks

Please direct communications to:
Kevin M. Weeks
Inmate Number 967825
Calhoun State Prison
P.O. Box 249
Morgan, Georgia 39866

**Kevin M. Weeks**_____

_____ *[signature: Kevin M. Weeks]*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Kevin M. Weeks

Please direct communications to:
Kevin M. Weeks
Inmate Number 967825
Calhoun State Prison
P.O. Box 249
Morgan, Georgia 39866