# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEVIN MELVIN WEEKS,

    Plaintiff,

               v.

ROBERT C. GRADY, *et al.*,

    Defendants.

Civil Action No.
1:18-cv-01373-SDG-JKL

## OPINION AND ORDER

Presently before the Court is United States Magistrate Judge Larkin's Report and Recommendation (R&R) that the instant action be dismissed, except that Plaintiff's Fourth Amendment claim for an unreasonable strip search be allowed to proceed against Defendant Grady for nominal damages [ECF 14]. Plaintiff filed objections in response to the R&R [Doc. 16]. After careful consideration of the record and Plaintiff's objections, the R&R is **ADOPTED IN PART** and **MODIFIED IN PART**.

**I.**    **Background**

    **a.**    **Factual Background**

In his Amended Complaint, Plaintiff Kevin Weeks provides an extensive narrative regarding several incidents that he alleges occurred when he arrived at

the Fulton County Jail.[1] Relevant to the discussion below, after he and several other inmates had been subject to a routine strip-search by a Fulton County deputy, another deputy, Defendant Grady, entered the holding cell and conducted another strip search of the same group of inmates.[2] As described in the R&R,

> Grady ordered the six [detainees] to line up shoulder to shoulder in a group, told them to "[p]ut your things down, turn and face the wall, and take off your jumpsuits." When they were standing naked with their buttocks to the officers, Grady moved in closer and told them to "bend over, spread your cheeks, squat, and cough." After the [detainees] again complied with Grady's instruction, Grady then told them to "[n]ow turn around and lift your arms, open your mouth, squat again and then grab your penis and lift your nuts."
>
> While the [detainees] were complying with this last instruction Grady made a voyeuristic sound of "umm," which, according to Plaintiff, signified Grady's "sexual arousal" and caused Officer Jones to exclaim, "What the hell is this sissy punk shit? Officer M. Jackson already strip searched them . . . I am not down with this wood watching; and you have violated these guys and you violated me. I don't watch the wood!" Jones began to walk out of the property room, Grady tried to stop Jones by putting his hand on Jones's shoulder, Jones snatched away from Grady's grasp and continued to walk out, and M. Jackson and Fuqua followed. Grady then turned to

---

[1]  ECF 12.

[2]  *Id.* at 5–7.

> Plaintiff and the other [detainees] and told them to put their jumpsuits on and return to their cell.[3]

Weeks alleges that he, along with four of the six detainees subjected to Grady's search, filed a grievance with the Jail.[4] About two weeks after the incident, Sergeant Muhammad and another officer met with Weeks to apologize and inform him that it was being investigated under the Prison Rape Elimination Act (PREA), 34 U.S.C. §§ 30302, *et seq.*[5] Weeks asked for a copy of his grievance and Muhammad told him that the grievance was administratively closed due to the PREA investigation, but Weeks would receive the grievance from Officer Streeter.[6] Despite numerous efforts, Weeks was unable to receive the grievance until he filed an open records request with Fulton County.[7]

Additionally, the Amended Complaint states that Weeks was given access to a phone when he first arrived at the Jail so that he could notify his wife of his arrival.[8] However, Weeks alleges that was unable to use the phone again until

---

[3] ECF 14, at 3–4.

[4] ECF 12, at 8.

[5] *Id.*

[6] *Id.* at 8–9.

[7] *Id.* at 9.

[8] *Id.* at 6.

about five days later because he was not given a PIN to activate the Jail's phone system, despite an unknown officer telling him that he should have received his PIN when he was processed into the Jail.[9] Weeks also asserts that he was not given underwear while being held in the holding cell or for his court appearance.[10]

### b.  Procedural History

The Amended Complaint asserts the following claims: illegal and unconstitutional strip search under the Fourth, Eighth, and Fourteenth Amendments and the Georgia Constitution (Count I); sexual harassment under the Eighth and Fourteenth Amendments and the Georgia Constitution (Count II); cruel and unusual punishment under the Eighth and Fourteenth Amendments and the Georgia Constitution (Count III); deprivation of constitutional rights and privileges under the Fourth, Eighth, and Fourteenth Amendments and the Georgia Constitution (Count IV); and, intentional infliction of emotional distress under the Fourth, Eighth, and Fourteenth Amendments and the Georgia Constitution

---

[9]   *Id.* at 8.

[10]  *Id.* at 7.

(Count V).¹¹ Weeks requests declaratory and equitable relief in addition to $75,000 in nominal damages and $100,000 in punitive damages.¹²

Pursuant to 28 U.S.C. § 1915A, the magistrate judge conducted a frivolity review of Weeks's Amended Complaint. The resulting R&R recommended that Weeks's Fourth Amendment claim be allowed to proceed, and the remaining claims be dismissed. Weeks filed an objection to the R&R's findings dismissing his sexual harassment claim and his Eighth Amendment claim. He also objected to the R&R's findings limiting the damages he can seek and, relatedly, recommending the dismissal of his state law claims for emotional injury.

## II.   Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be

---

11   *Id.* at 9–15.

12   *Id.* at 16.

considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

Under 28 U.S.C. § 1915A, the district court is required to conduct an initial screening of prisoner complaints and dismiss any complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In evaluating whether the complaint fails to state a claim under § 1915A(b)(1), the Court applies the Fed. R. Civ. P. 12(b)(6) dismissal standard. *DiPietro v. Med. Staff at Fulton Cnty. Jail*, 805 F. App'x 793, 795 (11th Cir. 2020) (citing *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001)). "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Leal*, 254 F.3d at 1280 (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)).

**III.    Discussion**

    **a.    Weeks's Claims**

Each count of the Amended Complaint broadly asserts violations of the Fourth, Eighth, and Fourteenth Amendments without specifying how those amendments relate to the specific allegations. Nevertheless, given Weeks's *pro se* status, the Court has liberally construed the pleading as asserting the following bases for relief. Count I and Count III assert Fourth and Eighth Amendment violations, respectively, based on the strip search. Count II is labeled as a claim for "sexual harassment" but appears to be identical to the Fourth and Eighth Amendment claims already asserted under Counts I and III. The first paragraph of Count IV asserts a violation of the Fourth, Eighth, and Fourteenth Amendments, while the final paragraph asserts a violation of the Eighth, Ninth, and Fourteenth Amendments. The allegations in support of this count refer to the strip search, the grievance process, and the lack of access to underwear and a phone. While Count V also refers to constitutional amendments, it asserts a state tort claim for intentional infliction of emotional distress. The Court addresses these counts and the R&R's recommendations below.

### *i.* **Counts I, II, and III**

These counts solely rely on the factual allegations regarding the strip search. While the pleading alleges violations of the Fourth, Eighth, and Fourteenth Amendments, Weeks fails to assert how the strip search violated the Fourteenth Amendment.[13] Furthermore, the allegations clearly relate to and are controlled by the Fourth and Eighth Amendments to the exclusion of any potential substantive due process claim under the Fourteenth Amendment. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.") (quotations omitted). *See also Clayton v. Walton*, No. 1:11-CV-2437-TWT, 2011 WL 6337687, at *3 (N.D. Ga. Dec. 16, 2011) (finding that "unlawful search and seizure claims fall squarely within the protections of the Fourth Amendment," not the Fourteenth

---

[13] The Court recognizes that the Fourth and Eighth Amendments are applicable to the states by virtue of their incorporation through the Fourteenth Amendment. *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1279 n.1 (11th Cir. 2016); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). However, Weeks appears to assert a separate violation of the Fourteenth Amendment itself without explaining how that amendment applies to his allegations. ECF 12, at 9 ("Plaintiff Weeks is entitled to the due process and equal protection of the under [sic] U.S. Const. amend. IV, VIII and XIV . . . .").

Amendment); *Burns v. Fugate*, No. 3:20-CV-419-J-39MCR, 2020 WL 2198198, at *2 (M.D. Fla. May 6, 2020) (finding the Eighth Amendment is the appropriate constitutional source for a sexual assault claim, not the Fourteenth Amendment).

The R&R found that Weeks's Fourth Amendment claim under Count I should be allowed to proceed as non-frivolous. The Court agrees. *See Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993) (recognizing that prisoners "retain a constitutional right to bodily privacy" that must be evaluated "on a case-by-case basis"); *Moton v. Walker*, 545 F. App'x 856, 859 (11th Cir. 2013) (finding that strip searches do not violate prisoners' Fourth Amendment privacy rights in "*as long as* the searches are conducted in a reasonable and non-abusive manner") (emphasis added).

The R&R goes on to recommend that Count II be dismissed to the extent it is premised on PREA because PREA does not provide for a private cause of action.[14] Weeks objected to this recommendation as "downplay[ing]" sexual misconduct by prison officials.[15] His objection mischaracterizes the R&R's finding. The R&R could have recommended the dismissal of Count II as duplicative of the rights already asserted in Counts I and III. Instead, the R&R liberally construed

---

[14] ECF 14, at 11.

[15] ECF 16, at 3.

the *pro se* pleading as attempting to assert another basis for relief, premised on PREA. The R&R concluded that PREA does not allow for private causes of action and, therefore, Weeks's relief was limited to the constitutional claims already asserted under the other counts. Weeks's objection clarifies that Count II is in fact duplicative of his Fourth and Eighth Amendment counts.[16] As such, the Court need not address whether PREA provides for private causes of action and, instead, **DISMISSES** Count II as duplicative of the claims asserted under Counts I and III.

In regards to Count III, the R&R recommended dismissal because it found that Weeks failed to state an Eighth Amendment claim.[17] In support of that finding, the R&R relied on *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006).[18] In *Boxer X*, the Eleventh Circuit held that "prison officials violate the Eighth Amendment through 'the unnecessary and wanton infliction of pain.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). The court then joined other circuits in "recognizing that severe or repetitive sexual abuse of a prisoner by a

---

[16] *Id.* at 2 ("In fact, his grievance was founded upon the violation of his Fourth and Eighth Amendment rights by the hand of an unreasonable and unwarranted strip search that predicated the act of voyeuristic sexual staff misconduct. . . . Thus, the sexual misconduct related back to Plaintiff's first complaint alleging an illegal strip search.").

[17] ECF 14, at 15–16.

[18] *Id.* (citing *Boxer X* and other Eleventh Circuit cases applying *Boxer X*'s holding).

prison official can violate the Eighth Amendment." *Id.* (citations omitted). It fashioned the applicable inquiry as two-pronged, requiring a subjective finding that the prison official had a "sufficiently culpable state of mind," and an objective finding that the injury was "objectively, sufficiently serious" *Id.* (citation omitted). Significantly, the court went on to limit the objective inquiry by stating that, under Eleventh Circuit precedent, "an injury can be 'objectively, sufficiently serious' *only* if there is more than a *de minimis* injury." *Id.* (emphasis added).

In a recent opinion, the Eleventh Circuit upheld *Boxer X*'s holdings regarding the applicability of the Eighth Amendment to severe or repetitive sexual abuse by a prison official and the two-pronged inquiry. *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020).[19] However, it found that the focus in *Boxer X* on the type of injury sustained was incorrect based on *Wilkins v. Gaddy*, 559 U.S. 34 (2010), which was decided four years after *Boxer X*. *Id.*

Based on *Wilkins*, the circuit court emphasized that "'the core judicial inquiry'" in sexual assault claims "requires us to consider 'whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Wilkins*, 559 U.S. at 37). "And dismissing

---

[19]  *Sconiers* was decided after the magistrate judge issued the R&R in this matter.

a case simply because it fails to satisfy 'some arbitrary quantity of injury . . . improperly bypasses the core inquiry.'" *Id.* at 1267. The court found that it had "erred in *Boxer X* by focusing primarily on the injury, as opposed to the nature of the defendant's actions, in determining whether the prisoner established the objective component of his Eighth Amendment claim" and it abrogated the portion of the opinion that required a more than *de minimis* injury. *Id.*

Thus, to the extent the R&R rejects Weeks's Eighth Amendment claim because it fails to state more than a *de minimis* injury, that holding is no longer consistent with this circuit's precedent. Nevertheless, the Court finds that Weeks has failed to present an actionable Eighth Amendment claim. In order to assert an Eighth Amendment violation, the prisoner still must show that the sexual abuse was "severe or repetitive." *Id.* While Grady's alleged actions during the seemingly unnecessary strip search, if true, are disgraceful, this singular incident does not constitute either severe or repetitive sexual abuse. *See In re Eric Watkins Litig.*, No. 20-10408, 2020 WL 5823773, at *3 (11th Cir. Oct. 1, 2020) (holding that "directing demeaning homosexual comments and gestures at [the prisoner], though unacceptable and unrelated to any legitimate governmental objective, is the type of verbal harassment or taunting that is not actionable under the Eighth

or Fourteenth Amendments"). Therefore, the Court finds that Weeks fails to state a plausible Eighth Amendment claim and **DISMISSES** Count III under § 1915A.

### i.   Count IV

In regard to Count IV, the R&R found Weeks's allegations regarding the grievance process and his lack of access to underwear and to the phones failed to state a constitutional violation.[20] Moreover, it found that Weeks failed to state an equal protection or due process claim under the Fourteenth Amendment and that the Ninth Amendment standing alone does not confer any rights beyond those otherwise provided in the Constitution.[21] Weeks did not object to the R&R's findings regarding this count. After review, the Court **ADOPTS** the R&R's recommendation and **DISMISSES** Count IV from this action.

### ii.   Damages and Count V

The R&R found that Weeks is limited to nominal damages under the Prison Litigation Reform Act of 1995 (PLRA). The R&R further found that the PLRA applies to Weeks's state law claim and, therefore, recommended the dismissal of Count V. Weeks's objection argues that the emotional pain that he suffered as a

---

[20]   ECF 14, at 7–10.

[21]   *Id.* at 19–23, n.4.

result of Grady's actions caused physical damage to his "cerebrum, a physical organ which is responsible for emotional response."[22]

The PLRA provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The Eleventh Circuit has held that "§ 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (citing *Harris v. Garner*, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). It has concluded that the statute prohibits prisoners from bringing claims for compensatory or punitive damages for constitutional violations absent a physical injury. *Id.* (citations omitted). Nevertheless, a prisoner may bring such a claim for nominal damages. *Id.* at 1307–08.

Weeks has not cited, and this Court is not aware of, any case holding that an emotional injury that allegedly causes physical damage to the brain satisfies § 1997e(e)'s physical injury requirement. Moreover, the statute recognizes that sexual misconduct, absent a physical injury, may justify the imposition of damages

---

[22]   ECF 16, at 7.

in certain situations. However, it expressly limits those situations to "sexual act[s]" as defined under 18 U.S.C. § 2246, which requires actual contact between the aggressor and the victim. 18 U.S.C. § 2246(2). Thus, the plain language of the statute rejects claims for emotional damage based on the type of sexual misconduct described here. Weeks's federal claims are, therefore, limited to nominal damages.[23]

Weeks does not object to the R&R's finding that the PLRA's physical injury requirement applies to his state law claims. The Court has reviewed this portion of the R&R and agrees that the plain language of § 1997e(e) precludes compensatory and punitive damages for state law claims brought in a "[f]ederal civil action." 42 U.S.C. § 1997e(e). *See O'Connor v. Carnahan*, No. 3:09-cv-224-WS-EMT, 2014 WL 293457, at *10 & n.20 (N.D. Fla. Jan. 27, 2014) (holding that § 1997e(e) bars compensatory and punitive damages for state law claims and collecting cases holding the same).

---

[23] Weeks did not object to the R&R's finding that his requested injunctive relief is moot since he is no longer at the Fulton County Jail. The Court **ADOPTS** that finding.

The Court finds that Weeks's remedy for his Fourth Amendment claim is limited to nominal damages and **DISMISSES** his state law claim for intentional infliction of emotional distress (Count V).

### b.   Georgia Constitutional Claims

The R&R does not address Weeks's claims asserted under the Georgia Constitution. In his Amended Complaint, Weeks cites to Article I, § I, ¶¶ II, XIII, and XVII of the Georgia Constitution.[24] Those paragraphs contain Georgia's equal protection, search and seizure, and cruel and unusual punishment clauses, respectively. Weeks has neither argued that the Georgia Constitution provides for greater protection than the corresponding clauses in the federal constitution under these circumstances, nor has the Court found any authority to support such a position. *See Lewis v. Chatham Cnty. Bd. of Comm'rs*, 298 Ga. 73, 74 (2015) ("[T]he Georgia [equal protection] clause is generally 'coextensive' with and 'substantially equivalent' to the federal equal protection clause, and . . . we apply them as one.") (quoting *Democratic Party of Ga., Inc. v. Perdue*, 288 Ga. 720, 728 (2011)); *Wilson v. Parker*, No. 4:17-CV-0018-HLM, 2017 WL 6601500, at *12 (N.D. Ga. Nov. 20, 2017),

---

[24]   Weeks also cites to Ga. Const., Art. I, § I, ¶ XXVIII under Count IV. ECF 12, at 12–13. However, that section is inapplicable, as it refers to fishing and hunting. To the extent he meant to assert a violation of ¶ XXIX, Weeks has failed to assert how that constitutional clause was violated.

*aff'd*, 746 F. App'x 860 (11th Cir. 2018) ("Georgia courts analyze Georgia's state equivalent of the Fourth Amendment with the same standards as courts analyze the Fourth Amendment of the Federal Constitution.") (citations omitted); *Minor v. Barwick*, 264 Ga. App. 327, 335 n.12 (2003) ("Since neither the Fourteenth Amendment nor the Georgia Constitution provides any greater protection than does the Eighth Amendment, we need not address this argument.").[25]

As the Court has found that Weeks's Fourth Amendment may proceed, it finds the same with regard to his claim under Article I, § I, ¶ XIII of the Georgia Constitution. However, his claims asserted under ¶¶ II and XVII are **DISMISSED** for the same reasons his related federal constitutional claims were dismissed above.

## IV. Conclusion

The Court **ADOPTS IN PART** and **MODIFIES IN PART** the R&R [ECF 14]. The Court **ADOPTS** the R&R's recommendation regarding Counts IV and V and

---

[25] The Georgia Supreme Court has recognized that the Georgia Constitution provides greater protection against cruel and unusual punishment than the Eighth Amendment in certain circumstances. *See Bradshaw v. State*, 284 Ga. 675, 683 n.10 (2008) (citing *Fleming v. Zant*, 259 Ga. 687, 690 (1989) (recognizing that cruel and unusual is interpreted by societal standards—national standards for the Eighth Amendment and Georgia specific standards for ¶ XVII)). However, the Court finds that under either standard of decency, Grady's actions do not qualify as cruel and unusual punishment.

**DISMISSES** those counts. The Court further **DISMISSES** Counts II and III for the reasons stated above. The Court finds that Count I should be **ALLOWED TO PROCEED** pursuant to 28 U.S.C. § 1915A. However, the bases for relief under Count I are limited to Weeks's claims for a violation of the Fourth Amendment and Georgia Constitution, Article I, § I, ¶ XIII. Furthermore, Weeks's recovery under that count is limited to nominal damages. As Count I is asserted solely against Defendant Grady, all other Defendants are hereby **DISMISSED**.

The Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge for further proceedings.

**SO ORDERED** this the 29th day of October 2020.

_____
Steven D. Grimberg
United States District Court Judge