# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEVIN MELVIN WEEKS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| v. ) | 1:18-CV-01373-SDG-JKL |
| ) | |
| ROBERT C. GRADY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Kevin Melvin Weeks alleges a violation of his rights under the Fourth Amendment and Georgia Constitution Article I, § I, ⁋ XIII because he underwent a second strip search upon arrival at the Fulton County Jail without reasonable suspicion. Plaintiff alleges that the manner of the search was inappropriate. However, reasonable suspicion was not required to perform the search, and based on the facts as alleged by Plaintiff, the search was not abusive. Accordingly, pursuant to Fed. R. Civ. P. 56 and L.R. 56.1 of the United States District Court for the Northern District of Georgia, Lieutenant Robert Grady files this Brief in Support of his Motion for Summary Judgment, and asks this Court to find that he is entitled to summary judgment as a matter of law.

1

## STATEMENT OF FACTS

On December 15, 2016, Plaintiff was an inmate in the custody of the Georgia Department of Corrections. He was transported to the Fulton County Jail (the "Jail") on a court production order. (Doc. 12 at pg. 5). Plaintiff was transported along with several other state prisoners, including Inmate Jeremy Moody. *Id.* After the inmates went through the intake process, Detention Officer Devon Brown smelled smoke coming from Inmate Moody's cell. Defendant Grady was informed of this incident by Captain Abercrombie. (Grady Aff. ¶¶ 4, 5). Though no contraband was found in Inmate Moody's possession, based on this report Defendant Grady believed that it was possible that Inmate Moody had not been searched, or not been sufficiently searched, when he arrived at the Jail. (Grady Aff. ¶ 6). Based on the report concerning Inmate Moody and the possible contraband, Defendant Grady believed that there was probable cause, and at the least reasonable suspicion, to perform a strip search on Inmate Moody and the inmates with whom he came in contact before entering the Jail. (Grady Aff. ¶ 8). Defendant Grady instructed three detention officers, Officers Fuqua, Jones, and Jackson, to bring Inmate Moody and the inmates who were transported with him to the property area. The property area is secure, sanitized, and out of view of the general public. (Grady Aff. ¶ 9). Once in the property area, the inmates were instructed to remove their clothes, squat, and cough.

(Grady Aff. ¶ 11). None of the officers, including Defendant Grady, touched any of the inmates at any time during the search. (Doc. 12 at pg. 6). Defendant Grady did not make any threats or sexually explicit statements during the search. *Id*. Following the search, the inmates returned to their cells. *Id*.

## STANDARD OF REVIEW

Summary judgment is authorized when "the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Miller v. Conway*, 2013 WL 1729405, at *2 (N.D. Ga. Mar. 28, 2013) (citing *Burger King Corp v. E-Z Eating*, 572 F.3d 1306, 1313 (11th Circuit 2009)). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. *Id.* The movant is not required to negate its opponent's claims, but may discharge its burden merely by "showing the court that there is an absence of evidence to support the non-moving party's case." *Id.*

When the movant's burden is met, the non-moving party must then "go beyond the pleadings" and offer evidence designating "specific facts showing there is a genuine issue for trial." *Id.* Unsupported factual allegations and/or speculation are legally insufficient to defeat a summary judgment motion. *Id.* "While pro se complaints are entitled to a liberal interpretation, "a pro se litigant does not escape

3

the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Id*. at 3.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff claims Defendant Grady violated his rights under the Fourth Amendment to the United States Constitution and Article I, § I, ¶ XIII of the Georgia Constitution by subjecting him to an unreasonable search.[1]  Plaintiff alleges that Defendant Grady did so by subjecting him to a second strip search without reasonable suspicion after he arrived at the Jail. (Doc. 12 pg. 6). Plaintiff also claims, without support, that Defendant Grady made what Plaintiff interpreted as a voyeuristic sound of "umm" while the search was occurring. *Id*. However, Plaintiff cannot establish a claim for an unreasonable search where the facts show that Defendant Grady had reasonable suspicion to conduct the search, even though it was not necessary, and that the search was not abusive.  Thus, there are no genuine disputes of any material fact, and Defendant is entitled to summary judgment as a matter of law.  Further, even if the Court finds that a genuine dispute of material

---

[1] Plaintiff made additional claims under the Eighth and Fourteenth Amendments, as well as the Prison Rape Elimination Act and Article I, § I, ¶¶ II and XVII of the Georgia Constitution. (Doc. 12). The Court dismissed these claims as part of its frivolity review. (Doc. 32).

4

facts exists, Defendant should still prevail because Defendant enjoys qualified immunity.

## I. The second search was reasonable as a matter of law.

Plaintiff claims that Defendant Grady violated his Fourth Amendment rights by subjecting him to a second strip search without reasonable suspicion. (Doc 12, pg. 10-11). In *Bell v. Wolfish*, the Supreme Court held that the Fourth Amendment standard of "reasonableness" did not forbid a jail to conduct routine visual body-cavity searches for pretrial detainees after contact visits. 441 U.S. 520, 558-59 (1979). The Supreme Court extended its *Bell* ruling in *Florence v. Board of Chosen Freeholders of County of Burlington*, holding that the practice of conducting strip searches, including body cavity searches, on all inmates, regardless of an individualized suspicion or the severity of the underlying offense, does not constitute an unreasonable search and does not violate the Fourth Amendment. 566 U.S. 318 (2012). The Court determined that penal institutions have an undeniable need to maintain safety and order within their facilities. *Id*. at 326. Any requirement that would force penal institutions to exclude individuals from searches when there was no specific reason to suspect that the individual was concealing contraband would undermine the institution's interest in protecting its staff and inmates, according to the Court. *Id*. This power extends not only to intake searches, but searches upon

return to the jail or prison. *See Powell v. Sheriff, Fulton Cty. Georgia*, 511 F. App'x 957, 964 (11th Cir. 2013) (citing *Florence*) ("[J]ailers do not violate detainees' Fourth Amendment rights by visually searching them for legitimate safety and penological reasons prior to admitting or readmitting them to the Jail's general population."); *Moton v. Walker*, 545 F. App'x 856, 859 (11th Cir. 2013 ("It is clear from our case law that a visual body cavity search of an inmate after he has had contact with the outside world is not a violation of the Fourth Amendment, even if the search is not justified by reasonable suspicion.").

Here, Plaintiff's objection to being searched a second time is unfounded. Plaintiff bases his claim that the second search was unconstitutional on the allegation that it was "unrelated to any reasonable suspicion that the plaintiff was concealing a weapon, contraband or evidence of a crime." (Doc. 12, pg. 9-10). However, jail officials do not need reasonable suspicion to conduct searches on inmates, so Plaintiff's complaint is erroneous. Regardless, Defendant Grady did have reasonable suspicion. He was informed of an incident regarding an inmate with whom Plaintiff had contact in which the other inmate was suspected of having some kind of fire starting device. Defendant Grady deduced that, if true, the inmates had not been sufficiently searched when they entered the jail, and it would be prudent to conduct another search. The possibility that the inmates may have had contraband

that was not discovered in the initial search is clearly a legitimate safety and penological reason for conducting a second search. Consequently, Plaintiff's claim that the second search violated his Constitutional rights because he had already been searched and that there was no reasonable suspicion to conduct the search fail as a matter of law.

## II. The search was not abusive.

The Eleventh Circuit has made clear that inmate strip searches, including body cavity inspections, do not violate the inmate's Fourth Amendment rights so long as the searches are "conducted in a reasonable and non-abusive manner." *Moton* at 858-59. In *Evans v. Stephens*, the court did find that the manner of the search was abusive. 407 F.3d 1272, 1281 (11th Cir. 2005). The facts of Evans, though, differ greatly from the facts in this case, and in fact demonstrate that the search in question here was non-abusive and reasonable. In *Evans*, the officer put one of the detainees in a choke hold and held him against the wall until he began to gag, hit the detainee with a baton-like object, and stuck the baton like object in between the two detainees' cheeks without sanitizing the object. *Id.* at 1277. Throughout this search, the officer used racist language against the detainees. *Id.*

In this instance, the only part of the search that could conceivably be considered abusive is Plaintiff's allegation that Defendant Grady made a sound of

7

"umm." (Doc. 12, pg. 6). Plaintiff claims that this sound was voyeuristic and signified Defendant Grady's sexual arousal. *Id*. Defendant Grady emphatically denies making such a sound, but even if he did, Plaintiff's subjective impression of that sound does not transform the standard search, which was supported by at least reasonable suspicion, into an abusive one. Defendant Grady made no explicit comments that indicated his sexual arousal.[2] If all that it took to make a standard strip search abusive was an allegation that a detainee subjectively ascribed nefarious motives to otherwise innocent actions by the law enforcement officer conducting the search, then every search could be abusive. Even if Defendant Grady did make a sound in a voyeuristic manner, that would not convert the search into an abusive one. Though Plaintiff's surviving claim is for an unreasonable search and seizure under the Fourth Amendment, the Eleventh Circuit's sexual harassment analysis regarding the Eighth Amendment is instructive. The court has held that "directing demeaning homosexual comments and gestures at [a prisoner]…is the type of verbal harassment or taunting that is not actionable under the Eighth or Fourteenth Amendments." *In re Eric Watkins Litig.*, 829 F. App'x 428, 431 (11th Cir. 2020); *see also Edwards v. Gilbert,* 867 F.2d 1271, 1274 (11th Cir. 1989) (holding that a prisoner "must allege

---

[2] Plaintiff's allegation that another officer made unprofessional and homophobic remarks in objecting to conducting the second search has no bearing on Defendant Grady's intentions in making an "umm" sound, assuming, for the sake of argument, that he did make such a sound.

8

more than that he has been subjected to 'verbal taunts.... [h]owever distressing' in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights."). To hold that repeated "demeaning homosexual comments and gestures" do not violate an inmates rights, but a single ambiguous sound does would be incongruous.

The difference between an actually abusive search, as the one conducted in *Evans*, and the manner of the search as alleged by the Plaintiff here, is stark. In *Evans*, the officer choked one detainee, used racist language, physically contacted two detainees in sensitive areas with the same object, and did not sanitize the object in between. Here, there is no allegation that any officer touched Plaintiff, much less physically abused him. In fact, aside from Plaintiff's subjective understanding of a noise that Defendant Grady allegedly made, the second search differed only slightly from Plaintiff's description of the first search he underwent. (Doc. 12, pg. 5-6).[3] The search was out of view of the general public, in a secure, sanitized location, and was conducted in the presence of only male inmates and officers. *See Watkins v. Pinnock*, 802 F. App'x 450, 456 (11th Cir. 2020) (holding that a reasonable officer

---

[3] Plaintiff was instructed to lift his genitals during the second search, which he does not describe as occurring during the first search, but the Supreme Court has noted that contraband could be "[s]omething small [that] might be tucked or taped under an armpit, behind an ear, between the buttocks, in the instep of a foot, or inside the mouth or some other body cavity." *Florence*, *supra*, at 333.

9

would not have believed that a search conducted by all men in a dedicated strip-search room would violate the Fourth amendment). As a result, even under the description of the second search contained in Plaintiff's allegations, the second search was not abusive, and the Court should grant summary judgment to Defendant Grady.

### III.   Qualified immunity bars Plaintiff's claim.

A government official has qualified immunity, which protects the official from civil trials and liability, when the official is acting within the scope of his discretionary authority when the allegedly wrongful act occurs. *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002). The Plaintiff must demonstrate that the Defendant violated clearly established law based upon objective standards. *Id*. The court has set out a two prong test: (1) whether the facts alleged or shown by the plaintiff make a violation of a constitutional right, and (2) whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Id*.

Here, as described above, Plaintiff has failed to establish that there was a violation of any constitutional right by Defendant Grady such that the shield of his qualified immunity would be pierced. Defendant Grady had, but did not need, reasonable suspicion to conduct the second search, and the second search was not abusive. Even if the Court found that Defendant Grady did violate Plaintiff's rights,

that right is not clearly established. *See Ayton v. Toby*, 2013 WL 4482448, *4-5 (S.D. Ga. August 19, 2013) (finding Defendants entitled to qualified immunity because alleged constitutional violation not clearly established).  There do not appear to be any instances in the Eleventh Circuit in which a jail official violated a detainees rights by conducting a contactless second strip search for contraband, with our without reasonable suspicion, while making a sound that the Plaintiff interpreted as inappropriate.  Defendant maintains his qualified immunity and the Court should grant him summary judgment.

## CONCLUSION

For the aforementioned reasons, Defendant is entitled to summary judgment as a matter of law as to Plaintiff's claims.

Respectfully submitted, this 1st day of November, 2021.

>**OFFICE OF THE FULTON COUNTY ATTORNEY**
>
>Kaye W. Burwell
>Interim County Attorney
>Georgia Bar No. 775060
>
>Steven Rosenberg
>Deputy County Attorney
>Georgia Bar No.
>
>*/s/ William K. Scott*
>William K. Scott

                                                Assistant County Attorney
                                                Georgia Bar No. 252892
                                                william.scott@fultoncountyga.gov

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KEVIN MELVIN WEEKS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:18-CV-01373-SDG-JKL |
| v. ) | |
| ) | |
| ROBERT C. GRADY, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that **DEFENDANT ROBERT C. GRADY'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** has been prepared in 14-point Times New Roman font and complies with Local Rules 5.1 and 7, and that on the date listed below, I filed the document with the Clerk of Court, and will provide a file-stamped copy of the same to Plaintiff via United States Mail at:

Kevin Weeks
GDC ID: 0000967825
Wilcox State Prison
P.O. Box 397
470 South Broad Street
Abbeville, GA 31001

Respectfully submitted, this 1st day of November, 2021.

/s/ *William K. Scott*
William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)