**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEVIN MELVIN WEEKS,

    Plaintiff,

            v.

ROBERT C. GRADY,

    Defendant.

Civil Action No.
1:18-cv-01373-SDG-JKL

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Kevin Melvin Weeks's motion for reconsideration [ECF 61], in which he requests that the Court reconsider its ruling that, under 42 U.S.C. § 1997e(e), he is not entitled to punitive damages on his unreasonable search claims. After a careful review of Weeks's motion and the authority cited therein, the Court **GRANTS** Weeks's motion for reconsideration.

**I.     BACKGROUND**

Weeks, appearing *pro se*, filed this action against Defendant Robert C. Grady and others alleging that they violated federal law, state law, and Weeks's constitutional rights by, *inter alia*, subjecting him to a humiliating and unnecessary strip search. Pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge John K. Larkins, III conducted a frivolity review and recommended that Weeks's claim

against Grady for violating his Fourth Amendment right be allowed to proceed but that the remaining claims be dismissed.[1]

The Court adopted in part and modified in part Judge Larkin's report and recommendation, dismissing each of Weeks's claims apart from those against Grady for violations of his rights under the Fourth Amendment and the Georgia Constitution, Article I, § I, ¶ XIII.[2] The Court also ruled that, under Eleventh Circuit precedent, 42 U.S.C. § 1997e(e)—which limits a prisoner's recovery in a civil action for mental or emotional injury—prohibited Weeks from recovering compensatory *or* punitive damages on his remaining claims and, therefore, he was only entitled to nominal damages.[3]

Weeks now moves for reconsideration of the Court's ruling that he is not entitled to punitive damages on his remaining claims. Weeks directs the Court to new binding authority from the Eleventh Circuit, which reversed prior precedent and held that prisoners may seek punitive damages in cases where they would be prohibited from seeking compensatory damages under 42 U.S.C. § 1997e(e).[4]

---

[1]  ECF 14.

[2]  ECF 32, at 18.

[3]  *Id.* at 13–16.

[4]  ECF 61.

*However v. Marks*, 993 F.3d 1353, 1362 (11th Cir. 2021). Grady has not responded to Weeks's motion. Though Weeks styled his motion as one under Federal Rule of Civil Procedure 60, it is properly considered as a motion for reconsideration under Rule 54(b).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), the Court has discretion to reconsider or revise an interlocutory order or decision at any time before the entry of final judgment.[5] Motions for reconsideration, however, "shall not be filed as a matter of routine practice," but only when "a party believes it is absolutely necessary." LR 7.2(E), NDGa. Motions for reconsideration serve the "limited purpose of correcting manifest errors of law or fact, or in certain circumstances, calling newly discovered evidence to the Court's attention. Thus, the court is most willing to reconsider a prior ruling on an issue in the face of new Eleventh Circuit

---

[5] Though the Local Rules of this Court state that motions for reconsideration shall be filed within 28 days of the order or judgment, LR 7.2(E), NDGa, the Court has discretion to consider certain untimely motions under Local Rule 7.1(F). Unlike Federal Rule of Civil Procedure 59(e), Rule 54(b) does not place a time limit on motions for reconsideration. *See Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 850 F. Supp. 2d 1336, 1349 (N.D. Ga. 2012) (the 28 day time limit set in Rule 59(e) is only implicated where the motion seeks to amend an entered judgment).

or Supreme Court authority." *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993).

### III.    DISCUSSION

Weeks's motion for reconsideration calls to the Court's attention recent Eleventh Circuit precedent, decided after the Court entered its Order on Judge Larkin's report and recommendation, that would have demanded a different outcome. Specifically, Weeks is correct that under *Hoever* he is entitled to seek punitive damages on his Fourth Amendment claims against Grady. 993 F.3d at 1362. Reconsideration is therefore warranted.

#### A.    The Court's Previous Order

In its previous Order, the Court held that Weeks was not entitled to compensatory or punitive damages pursuant to 42 U.S.C. § 1997e(e), which states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." The Court cited *Brooks v. Warden*, 800 F.3d 1295 (11th Cir. 2015) and *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) for the proposition "that the statute prohibits prisoners from bringing claims for compensatory or punitive damages for constitutional violations absent a physical

injury."⁶ Accordingly, the Court found, Weeks was limited to recovering nominal damages for his constitutional claims.⁷

### B.     Applying *Hoever*

In April 2021, the Eleventh Circuit decided *Hoever*, and held that "§ 1997e(e) does not bar punitive damages in the absence of physical injury." 993 F.3d at 1358 (footnote omitted) (emphasis omitted). In so holding, the Eleventh Circuit explicitly overruled prior precedent, including *Harris v. Garner*, 190 F.3d 1279 (11th Cir.), *opinion reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) and, by implication, *Brooks*, 800 F.3d 1295. The Eleventh Circuit reasoned in *Hoever* that the language of the statute "bars only requests for compensatory damages stemming from purely mental or emotional harms" because compensatory damages are intended to provide a remedy for injury. 993 F.3d at 1357–58. By contrast, the Eleventh Circuit noted, punitive damages "do not compensate plaintiffs for injuries suffered," but instead punish a defendant's willful or malicious conduct and deter similar behavior. *Id.* at 1359. This interpretation comports with the allowance of nominal damages under § 1997e(e) because such damages similarly are not intended to compensate a plaintiff for injuries. *Id.* at 1361.

---

6     ECF 32, at 14.

7     *Id.*

### i.       Weeks's Fourth Amendment Claim

Applying *Hoever* here, Weeks is entitled to pursue punitive damages on his Fourth Amendment claim against Grady. Weeks asserted a non-frivolous claim for violation of his Fourth Amendment right to bodily privacy during a search conducted by law enforcement. *See Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993) (recognizing that prisoners "retain a constitutional right to bodily privacy" that must be evaluated "on a case-by-case basis"); *Moton v. Walker*, 545 F. App'x 856, 859 (11th Cir. 2013) (strip searches do not violate prisoners' Fourth Amendment privacy rights in "as long as the searches are conducted in a reasonable and non-abusive manner"). When a plaintiff brings a claim under 42 U.S.C. § 1983 for a constitutional deprivation, "[p]unitive damages are appropriate where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." *H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1089 (11th Cir. 1986) (citing *Smith v. Wade*, 461 U.S. 30, 103 (1983)). Further, "a plaintiff—at least one alleging a constitutional violation—need not allege a compensable injury to seek punitive damages, so long as he plausibly alleges that the underlying misconduct was willful or malicious." *Hoever*, 993 F.3d at 1362. Taking the allegations in Weeks's Amended Complaint as true, he is entitled to seek punitive damages against Grady.

### ii.     Weeks's Claim Under the Georgia Constitution

Weeks is not, however, entitled to punitive damages on his claims for violations of the Georgia Constitution, Article I, § I, ¶ XIII. Under Georgia law, "[p]unitive damages may not be recovered where there is no entitlement to compensatory damages." *Barnes v. White Cnty. Bank*, 170 Ga. App. 681, 681 (1984). As 42 U.S.C. § 1997e(e) bars Weeks from recovering compensatory damages on his state constitutional claims, he is not entitled to punitive damages on them.

## IV.    CONCLUSION

The Court **GRANTS** Weeks's motion for reconsideration [ECF 61] and **MODIFIES** the Opinion and Order dated October 29, 2020 [ECF 32] to allow Weeks to pursue punitive damages on his claims against Grady for violating his Fourth Amendment rights.

**SO ORDERED** this the 29th day of November, 2021.

*[signature]*
Steven D. Grimberg
United States District Court Judge